In the Matter of the Application of SAMUEL C. FREEDMAN, Petitioner, for an Order against HENRY E. BRUCKMAN, Chairman, and Others, Members of and Constituting the State Liquor Authority, and GRACE A. REAVY and Others, Members of and Constituting the State Civil Service Commission, Respondents.

Supreme Court, Special Term, Albany County, November 9, 1939.

*Edward Ross Aranow*, for the petitioner.

*John J. Bennett, Jr., Attorney-General* [*Patrick H. Clune, Assistant Attorney General*, of counsel], for the respondents.

*Charles Gordon*, for the National Lawyers Guild, New York City Chapter, *amicus curiæ.*

BERGAN, J.  The problem presented is one of legislative intention. The Legislature undoubtedly is vested with constitutional power to determine that it is practical to require competitive examinations for every position in the civil service, or for some of them and not others.  It is likewise competent for the Legislature to make general rules in respect of this subject and to except some positions from the operation of these rules by special statutory treatment and to alter this treatment from time to time.  The Civil Service Law may, or may not, as the Legislature freely chooses to say, express its full policy under the constitutional mandate in relation to the civil service.

In enacting the direction found in section 15 of the Alcoholic Beverage Control Law (as amd. by Laws of 1937, chap. 817), that all assistants, inspectors and employees of the State Liquor Authority, except certain enumerated officers, " shall all be in the competitive class of the civil service," the Legislature must be deemed to have been mindful of its own earlier, long-standing and well-understood definition of that class.  This definition (Civil Service Law, § 14) is that the competitive class shall include all positions, " for which it is practicable to determine the merit and fitness of applicants by competitive examination."  In the same sentence there appears language not unlike that employed in section 15 of the Alcoholic Beverage Control Law, directing that " all positions," regardless of functions, designations or compensation and in every branch of the classified service, except the exempt, non-competitive and labor classes, shall be included in the competitive class.  The important dissimilarity is, however, the express exception of the non-competitive class from this category.  This is a class (Civil Service Law, § 17) which includes positions for which it has been determined (by the Commission under its general authority of classification) that it is impracticable to include in the competitive class.  No such express exception appears in the category enumerated in the Alcoholic Beverage Control Law.  Nevertheless, in using the expression in that statute " competitive class," the Legislature used it in the light of its own conditioned definition that it was one where it is practicable to make determination of fitness by competitive examination.  The history of this subject suggests that the Legislature has treated this determination as one of administration under fixed standards and not one precisely predetermined by statute.  No evidence of a departure from this principle is ascertainable from the language used in the Alcoholic Beverage Control Law.

It cannot be assumed, I think, that the Legislature found, in enacting section 15 of the Alcoholic Beverage Control Law, that it would always be practical to determine the merit and fitness

of each employee embraced in the general category of the competitive class any more than that assumption may be made from the general language of inclusion used in section 14 of the Civil Service Law. In both instances, and where the same conditions arise, the Civil Service Commission was vested with the power to determine the practicability of ascertaining qualification by competitive examination.

Certainly if that power is to be exercised under the directory language of section 14 of the Civil Service Law, nothing is indicated in section 15 of the Alcoholic Beverage Control Law to render its exercise inadmissible in respect of the positions there described. Amendments were made in 1939 to section 14 of the Civil Service Law (Laws of 1939, chaps. 767 and 799) without change being made in the long-existing condition that the competitive class includes all positions where a practicable determination of qualifications may be made by competitive examination. Granting a reasonable harmony to these statutes, I reach the conclusion that the determination made by the Civil Service Commission is not in contravention of law. With the exercise of the judgment of the Commission on the merits the court will not interfere.

Petition dismissed. No costs. Submit order.